CEPHAS SIMMONS, PLAINTIFF IN ERROR, v. MIRANDA MINICK, DEFENDANT IN ERROR.

Ejectment: EVIDENCE. In a trial in ejectment the plaintiff introduced record evidence of a tax deed from the county treasurer to one W. for the premises in controversy, and a chain of conveyances from W. to the plaintiff, and also proved actual possession for six years of all the premises conveyed, except a triangular strip, 160 rods in length by ten feet in width at one end and running to a point at the other, which strip adjoined the land of and was in the possession of the defendant, who produced no evidence of title. Held, That the plaintiff was entitled to recover.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

Schoenheit & Thomas, for plaintiff in error.

Isham Reavis and Frank Martin, for defendant in error.

MAXWELL, J.

This is an action of ejectment. The plaintiff alleges in his petition that he is the owner and entitled to the immediate possession of the east one-half of the southwest one-fourth of section 32, town 2 north, range 16 east,.

and that ever since July, 1878, the defendant has unlaw-
fully kept him out of the possession "of a triangular strip
on the east side of said land measuring one hundred and
sixty rods, on the south side thereof ten feet, and bounded
on the west by a line drawn from the n. e. corner of the
lands first above described to a point ten feet west of the
s. e. corner of plaintiff's land first herein described." The
answer is a general denial. On the trial of the cause the
attorneys for the plaintiff offered in evidence the record
of deeds of Richardson county, for the purpose of show-
ing a tax deed, dated December 4th, 1864, from David R.
Holt, treasurer of Richardson county, to John G. White,
for the lands in controversy, as the foundation of the
plaintiff's title. Objections were made to the introduction
of this record and deed, which are not now before the
court and will not be considered. The record and deed
were admitted in evidence. The plaintiff then introduced
in evidence the record of a deed from White to the plain-
tiff. He then introduced evidence tending to show that
he was in actual possession of all the land above
described, except the strip in controversy, and also evi-
dence that in the year 1875 he had broken up and put
in cultivation a considerable portion of said land, and
that he had fenced and otherwise improved it. It ap-
pears from the record that the quarter section of land
directly east of that claimed by the plaintiff belongs to the
defendant; that a former owner of that tract set out a
hedge about 160 rods in length on what was supposed to
be the line between the land of the plaintiff and defend-
ant, but that while the north end of the hedge was upon
the line, the south end extended on the land above des-
cribed and claimed by the plaintiff, about ten feet, and
this is the strip in dispute. The plaintiff called the
county surveyor and offered to prove that the hedge in
question was upon the plaintiff's land, but the evidence
was excluded. The plaintiff then offered to prove that

the hedge in question was set out by a former owner of the land belonging to the defendant, who by mistake set the hedge across the line, etc. This was also excluded. There were other offers to which it is unnecessary to refer. The defendant offered no evidence. The jury returned a verdict for the defendant, upon which judgment was rendered dismissing the action.

The question to be determined is, was the plaintiff entitled to recover upon the evidence before the jury? We think he was entitled to verdict. He showed record evidence of a tax deed from the treasurer of Richardson county to White, and a continuous chain of title from White to the plaintiff, while the defendant showed no title whatever. Objection is made to the form of the deeds, but that question is not before the court. The case is here on error, and only the errors assigned can be considered. The deeds were admitted in evidence, and where no complaint is made to the admission the presumption is that none exists. It may be doubtful, however, whether the defendant can insist upon irregularities in the plaintiff's title. She does not claim to be the owner of the land or entitled to the possession, and, so far as this record discloses, is a mere intruder. See Blackwell on Tax Titles, 73, note 1. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.